State of Louisiana ex rel. Hayes v. City of New Orleans.

1872, provision was made for the benefit of indigent persons afflicted with small-pox and other contagious disorders, by directing that such patients should be removed to the Luzenberg Hospital for treatment and attention at the expense of the city, and making it unlawful for any of the city authorities to infringe the provisions of the act and prescribing penalties for any violation of the law.

The answer is a general denial, and it alleges the unconstitutionality of the act of the Legislature relied upon by the plaintiffs; and upon a rule to show cause why the injunction should not be dissolved, as, upon bond given by the city, and after hearing the parties, the court so ordered.

From this order the plaintiffs have appealed.

The order dissolving the injunction is one which, in our opinion, might work an irreparable injury, and we therefore conclude the plaintiff had a right to appeal from it.

We think the court erred in dissolving the injunction.

It is therefore decreed that the order appealed from be annulled and set aside; that the injunction be reinstated, and that this case be remanded to the court of the first instance to be proceeded with according to law, the defendant and appellee paying the costs of appeal.

---

## No. 3392.

### CHARLES A. M. POUTZ v. AUGUSTE REGGIO.

A writ of attachment can be dissolved by exception as well as by rule to show cause. This course is pointed out in the 258th article of the Code of Practice which declares: "If the defendant, thus made a party to a suit, appear after having been served with the citation, or prove in a summary way, after having given due notice in writing to the adverse party, that the allegations on which the order for attachment had been obtained were false, such attachment shall be dissolved, and the party will be allowed to proceed in his defense as in ordinary suits."

The exception in this case was in writing, and this is the notice required by law. Defendant might, under the practice which has grown up since the Code was adopted, have taken a rule to show cause, but there is no reason why he should not pursue the course pointed out by the written law, instead of that which convenience has made customary.

APPEAL from the Second Judicial District Court, parish of Plaquemines. *Pardee*, J. *E. H. McCaleb* and *James Foulhouze*, for plaintiff and appellant. *Sambola & Ducros*, for defendant and appellee.

MORGAN J. Plaintiff instituted suit against the defendant, and upon his allegation that the defendant was about to convert his property into money with intent to place it beyond the reach of his creditors, and that he had mortgaged his property and had caused the mortgage to be inscribed with intent to give an unfair preference to Edward Reggio, obtained a writ of attachment against his property.

To this proceeding, after bonding the property attached, the defendant excepted upon various grounds, among others, that no facts were stated in support of the affidavit for attachment, and that the affidavit is untrue.

The exception was maintained and the attachment set aside. Plaintiff has appealed.

In this court he says that the only question necessary to be decided is, "can a writ of attachment be dissolved by exception, or is a rule to show cause the proper mode of proceeding?"

We answer that defendant's cause is pointed out in the 258th article of the Code of Practice which declares "if the defendant, thus made a party to a suit appear, after having been served with the citation, or prove in a summary way, after having given due notice in writing to the adverse party, that the allegations on which the order for attachment had been obtained were false, such attachment shall be dissolved, and the party will be allowed to proceed in his defense as in ordinary suits." The exception was in writing, and this is the notice required by law. He might, under the practice which has grown up since the Code was adopted, have taken a rule to show cause, but we see no reason why he should not pursue the course pointed out by the written law instead of that which convenience has made customary.

On the merits of the exception we think the judgment is sustained by the evidence.

Judgment affirmed.